# CHARLESTON.

### SWING *v.* PARKERSBURG VENEER & PANEL CO.

Submitted June 16, 1898—Decided November 23, 1898.

1. CORPORATIONS —*Foreign Corporation — Dissolution— Trustees—Actions.*

    A receiver, trustee, or assignee of a dissolved foreign corporation appointed in the state of its domicile may institute in the courts of this State suits in his own or the corporate name for debts or claims due such corporation.   (p. 289).

2. CORPORATIONS—*Foreign Corporation—Receivers---Appointment of Receivers.*

    Circuit courts of this State are authorized by sections 58, 59, chapter 53, Code, in proper cases therein set forth, to appoint receivers for and wind up the affairs of foreign corporations who have done business, acquired property, and contracted debts in this State.   The law on this subject, as propounded in the case of *Nimick* v. *Iron Works Co.*, 25 W. Va., 184, has been superseded by chapter 39, Acts 1885.   (p. 289).

3. CORPORATIONS—*Foreign Corporation— Insurance Premiums— Recovery.*

    Before a receiver or trustee of a dissolved foreign corporation can recover on a premium note a *quasi ex parte* assessment, he must show that the conditions precedent to such recovery contained in such note have been fully satisfied.    (p. 289).

Error to Circuit Court, Wood County.

*Assumpsit* by James B. Swing, trustee, against the Parkersburg Veneer & Panel Company. There was a judgment for defendant, and plaintiff brings error.

*Reversed.*

J. W. VANDERVORT, for plaintiff in error.

VAN WINKLE & AMBLER, for defendant in error.

DENT, JUDGE:

James B. Swing, trustee of the creditors and stockholders of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, on the 11th day of March, 1889, in the Circuit Court of Wood County, instituted a suit against the Parkersburg Veneer & Panel Company on the following premium note: "In consideration of policy No. 3,400, dated the first day of October, 1888, we promise to pay to the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, the sum of four hundred and eighty-seven dollars and fifty cents ($487.50,) by such installments and at such times as the directors of said company shall assess and order, pursuant to the charter and by-laws thereof, and it is hereby expressly agreed that this note is not transferable, and the liability is only for the losses and expenses incurred by the said company, and that no liability is incurred beyond the face amount hereof. (The secretary is authorized to insert number and date in this note, and, in event of renewal or reissue, to change the number and date to that of the new policy). Cincinnati, Ohio, November 1st, 1889. [Signed] Parkersburg Veneer and Panel Company." A balance of three hundred and twelve dollars is claimed as due thereon. Defendant demurred to the declaration, which was sustained. A writ of error brought the case to this Court. The questions and points raised in this case are similar to the ones raised in the case of the Same Plaintiff v. Furniture Co. (decided at this term) 31 S. E. 925, and the same conclusion in regard thereto is reached. And for the same reasons the judgment of the circuit court is reversed, the demurrer overruled, and the case is remanded to the circuit court for further proceedings according to law.

*Reversed.*